**BELLEFONTE INSURANCE COMPANY, a Kentucky Corporation, Plaintiff,**

v.

**Mark N. WAYSON et al., Defendants.**

**Civ. No. F79–8.**

United States District Court, D. Alaska.

March 25, 1980.

---

Paul Waggoner, Biss & Holmes, Anchorage, Alaska, for plaintiff.

Richard D. Savell, Aschenbrenner & Savell, Fairbanks, Alaska, for Wayson.

Mark A. Sandberg, Camarot, Sandberg & Hunter, Anchorage, Alaska, for Providence and Preferred.

Jacob Allmaras, Garretson & Jarvi, Anchorage, Alaska, for Corroon & Black Dawson & Co.

Herbert P. Kuss, Deputy City Atty., Fairbanks, Alaska, for City of Fairbanks.

## MEMORANDUM AND ORDER

von der HEYDT, Chief Judge.

THIS CAUSE comes before the court on cross motions for summary judgment.

## FACTUAL BACKGROUND

Mark Wayson, a Fairbanks police officer, brought an action in this court on October 15, 1976, against the City of Fairbanks and its City Manager, Edward Martin. The complaint challenged actions taken against Wayson in response to his performance of a controversial arrest.

While several grounds for relief were urged by Wayson in his complaint, two prime contentions emerged. First, Wayson alleged that his procedural rights were denied; that he was never given a chance to present "his side of the story." Second, Wayson claimed that the City had engaged in racial discrimination, alleging that the actions taken against him would not have been taken against a black police officer.

The City tendered the complaint within the appropriate notice periods to defendant Providence Washington Insurance Company and plaintiff Bellefonte Insurance Company. The insurers did not respond, and their silence constituted a rejection of the City's claim. The City thereafter had no choice but to retain counsel for its defense.

The federal court case was soon dismissed by virtue of a stipulation by the parties that the action would be brought anew in state court. When the new state court action was in fact commenced, the City did not and had no obligation to tender the complaint once again to the insurers. First, the federal and state complaint alleged virtually identical claims. The City was therefore fully justified in failing to perform what reasonably appeared to be, in light of the insurers' prior rejection, a futile act. Second, had Bellefonte not breached its duty to defend, as set forth fully below, it would have been a party to the federal court proceeding and would have had notice of any change in forum. Thus, the state court decision was a direct consequence of Bellefonte's breach of its duty to defend the City against the action brought in federal court.

The jury in the state court action returned a verdict of $200,000 compensatory damages against the City of Fairbanks and Edward Martin, and $200,001 punitive damages against Edward Martin.

## THE INSURANCE CONTRACTS AND THE DUTY TO DEFEND

The City's insurance contracts with Providence Washington and Bellefonte clearly provided coverage unless the following exclusions applied:

"This insurance does not apply:

(c) to personal injury sustained by any person as a result of an offense directly or indirectly related to the employment of such person by the named insured." (Providence Washington policy)

"D.  OTHER DEFINITIONS

(a) 'Personal injury' means

(4) racial or religious discrimination not committed by or at the direction of the Insured" (Bellefonte policy)

■ The exclusion in the Providence Washington policy undoubtedly applied to this "offense," which was "directly or indirectly related" to the employment of Mark Wayson by the City. In fact, the City does not oppose Providence Washington's motion for partial summary judgment on this issue. Bellefonte's contention that Providence Washington committed unfair trade practices and thereby waived its potential policy defenses borders on the ludicrous. Providence Washington's contract with the City not only excluded from coverage claims of this type, but such an exclusion was so explicit as to relieve Providence Washington of any duty to defend.

■ The same cannot be said of the Bellefonte exclusion. Bellefonte persistently attempts to label the City's actions against Wayson as excluded "racial discrimination." The facts simply do not support this assertion. While racial discrimination was one of the claims made by Wayson against the City, the additional claims related to the independent grounds of denial of procedural rights, breach of contract, and violation of City Ordinances. While Bellefonte argues that these actions were merely the means through which the racial discrimination was effectuated, the complaint itself does not allege or establish that these additional claims hinged on the City's alleged discriminatory motive.

The issue of the duty of an insurer to defend claims brought against the insured is distinct from the issue of whether policy coverage of the claim exists. In determining when the duty to defend arises, "[i]t is the allegation in the complaint that controls. If it comprehends an injury that may be within the policy, then the promise to defend includes it." *Theodore v. Zurich General Accident and Liability Insurance Company,* 364 P.2d 51, 55 (Alaska 1961). In the present case, some of the allegations in Wayson's complaint comprehended an injury that might have been within the Bellefonte policy. Bellefonte had a duty to defend the City. That duty was breached.

## CONSEQUENCES OF THE FAILURE TO DEFEND

■ An examination of relevant Alaska authority reveals that the situation presented by this case has never come before the Alaska Supreme Court. *Afcan v. Mutual Fire, Marine and Inland Insurance Co.,* 595 P.2d 638 (Alaska 1979), held that:

where an insurance company has wrongfully refused to defend, it may nevertheless in a subsequent action on the policy attempt to show that the liability is not covered by the policy, where liability is imposed by a settlement agreement involving both claims within policy coverage and claims not within policy coverage. 595 P.2d 638, 647.

Different considerations are implicated where, as here, it is a jury verdict in a fully litigated action that is being examined, and not a mere settlement agreement. A court should not engage in a speculative determination of the jury's allocation of damages among the various excluded and included claims. Nor is it appropriate for a court to risk impeaching the jury's verdict either through a *de novo* finding on the issue of coverage or through a costly and time-consuming re-trial of that issue.

Whether the jury based its award on claims coming within the coverage afforded by Bellefonte is unknown and irrelevant. Bellefonte "became liable for the amount of the judgment because this was the natural consequence of its breach of the insurance contract." *Theodore,* 364 P.2d 51, 56. It is not for Bellefonte to contest coverage at this late date when its breach forced the City to take up its own defense and incur liability in the process.

A final question arises concerning the propriety of holding Bellefonte liable for the punitive damage portion of the jury's award. While the Alaska Supreme Court has not ruled on this issue as well, a strong public policy finding an implied exception to coverage of punitive damages has been adopted in other states. Those states have recognized that the purpose of punishing a wrongdoer through a punitive damage award is undermined when the wrongdoer is allowed to shift the liability for his conduct to the insured.

Yet that policy is not favored by the finding of an implied exception to coverage in the present case. Where an insured has been unfairly forced to defend, a jury's punitive damage is no less a consequence of the insurer's breach of its duty to defend than the compensatory portion of the award. The competing policy of holding liable an insurer which fails to meet its clear contractual duty to defend is weightier than the punishment rationale under the facts of this case.

Accordingly IT IS ORDERED:

1. THAT defendant Providence Washington Insurance Company's motion for partial summary judgment is granted.

2. THAT defendant City of Fairbanks and Edward Martin's motion for summary judgment is granted.

3. THAT plaintiff Bellefonte Insurance Company's motion for summary judgment is denied.

4. THAT the clerk may prepare a final judgment form stating that Bellefonte Insurance Company is liable to defendant City of Fairbanks and Edward Martin in the amount of $400,001 under policy # UL 450057, issued August 1, 1973; and that the City of Fairbanks and Edward Martin do not enjoy coverage under policy # GLA 43829 issued by Providence Washington Insurance Company of Alaska for the claims of Mark Wayson in *Wayson v. City of Fairbanks and Edward Martin*, No. 77–1581, filed in the Superior Court of the State of Alaska, Fourth Judicial District, on August 22, 1977.